UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>v.<br><br>CIERRA WARD et al.,<br><br>  Defendant. | CASE NO. 2:23-cr-00025-TL<br><br>AMENDED ORDER ON MOTION TO SEAL |

This matter is before the Court on Defendant Kayla Vigil's Motion to Seal Defendant's Sentencing Memorandum and Exhibits. Dkt. No. 245.

The public generally has a qualified First Amendment right of access to court documents and proceedings, including in-court sentencing proceedings and documents related to the same. *See United States v. Doe*, 870 F.3d 991, 997 (9th Cir. 2017) (citing *United States v. Rigera*, 682 F.3d 1223, 1229 (9th Cir. 2012); *United States v. Biagon*, 510 F.3d 844, 848 (9th Cir. 2007); *CBS, Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 765 F.2d 823, 825 (9th Cir. 1985)). "Where the

public has a qualified First Amendment right of access, 'criminal proceedings and documents may be closed to the public without violating the [F]irst [A]mendment only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Id.* at 998 (quoting *Oregonian Publ'g Co. v. U.S. Dist. Ct. for Dist. of Or.*, 920 F.2d 1462, 1466 (9th Cir. 1990)). "The court must not base its decision on conclusory assertions alone, but must make specific factual findings." *Id.* (quoting *Oregonian*, 920 F.2d at 1466).

Defendant has offered no detail regarding the specific compelling interest it asserts will be harmed absent closure, or why alternatives to closure—such as redaction rather than the wholesale sealing of the entire pleading and all exhibits (especially the letters in support of Ms. Vigil)—would be insufficient to protect that compelling interest. *See* Dkt. No. 245. Absent this argument, the Court is unable to properly evaluate Defendant's Motion.

Defendant's Motion to Seal Defendant's Sentencing Memorandum and Exhibits is therefore DENIED without prejudice with leave to re-file her motion to seal by no later than 5pm Pacific Daylight Time on Monday, August 5th. The Defendant SHALL also meet and confer with the Government and include the Government's position in any re-filed motion. Defendant's Sentencing Memorandum and Exhibits (Dkt. No. 246) SHALL remain sealed while the Parties brief this issue.

Dated this 2nd day of August 2024.

Tana Lin
United States District Judge